```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
OSHAINE MITCHELL,                                               NOT FOR PUBLICATION

                        Plaintiff,
                                                                **MEMORANDUM AND ORDER**
        -against-
                                                                18-CV-03124 (LDH)(LB)
MARILYN J. MOSBY, MEGAN GREENE,
MUSA HAMMETT, TONIANN GIGLIARDI,
ALEC McKENNA,

                        Defendants.
------------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Oshaine Mitchell, proceeding pro se, paid the filing fee to commence this action against Defendants Marilyn J. Mosby, Megan Greene, Musa Hammett, Yoniann Gigliardi, and Alec McKenna. Plaintiff asserts claims for common-law trespass, breach of trust and confidence, and breaches of unspecified "dut[ies] and obligations." (Compl. at 8, ECF No. 1.)[1] For the reasons set forth below, Plaintiff's complaint is dismissed without prejudice pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## BACKGROUND[2]

On January 12, 2017, Plaintiff was stopped in Baltimore City, Maryland, by Maryland Transit Authority ("MDTA") police officers for failing to obey a traffic device. (*Id.* at 41.) During a subsequent consent search, MDTA police officers discovered eighty (80) pounds of marijuana. (*Id.*) Plaintiff was taken into custody. (*Id.*) The Court surmises from the documents attached to the complaint that Plaintiff was released pending trial, the outcome of which is

---

[1] As the complaint and attachments are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing System ("ECF").

[2] The following facts are taken from the amended complaint and exhibits. They are assumed to be true for purposes of the instant order.

unknown. (*Id.* at 22–23.) Subsequently, on March 8, 2018, the New Rochelle Police Department notified Plaintiff that there was an active warrant for his arrest charging him with criminal possession of a controlled substance in the 7th degree. (*Id.* at 15.) According to Plaintiff, Defendants "forged instruments which interfered with [his] rights; refuse or neglected to answer questions, denied access to . . . courts[,] and continue to prosecute" the charges against him. (*Id.* at 8.) For relief, Plaintiff seeks the restoration of unspecified property, compensation, and restitution. (*Id.*)

## STANDARD OF REVIEW

Rule 12(h)(3) requires a court to dismiss an action if the court determines at any time that it lacks subject-matter jurisdiction over the action. Fed. R. Civ. P. 12(h)(3). It has long been settled that a federal court, whose jurisdiction is limited by the United States Constitution and acts of Congress, has a duty examine its jurisdiction over an action *sua sponte*. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62–63 (2d Cir. 2009) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). Under Rule 12(h)(3), a court applies the same standard governing a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. *Greystone Bank v. Tavarez*, No. 09-CV-5192, 2010 WL 3325203, at *1 (E.D.N.Y. Aug. 19, 2010).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id.* "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'"

*Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir.2004)). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

## DISCUSSION

The basic statutory grants of federal subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim arising under the Constitution or laws of the United States. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000). He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the sum or value of $75,000. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

Here, Plaintiff invokes the Court's federal-question jurisdiction by checking the box marked "Federal Question" on his form complaint, but he does not identify any federal statute or constitutional provision at issue. (Compl. at 2.) Instead, he suggests a host of possible state-law claims, including trespass, breach of trust, and dereliction of duty. (*Id.* at 8.) Even under the most liberal construction, Plaintiff's allegations do not implicate the Court's federal-question jurisdiction. Rather, as Plaintiff states, his claims arise under state law.[3] Thus, this Court does not have federal-question jurisdiction over the instant action.

---

[3] Even if Plaintiff's had alleged civil-rights claims pursuant to 42 U.S.C. § 1983, which he has not, this Court would not be the proper venue to consider them. As relevant here, a civil action may be brought only in a judicial district in which any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). In this case, it appears that Plaintiff's arrests and prosecutions occurred in New Rochelle and Baltimore City. Moreover, Defendants are alleged to reside in these locations. Thus, any claims arising in New Rochelle could only be heard in the United States District Court for the Southern District of New York, while claims originating in Maryland must be heard in the District of Maryland. *See* 28 U.S.C. § 112(b) (Westchester County is located within the Southern District of New York); 28 U.S.C. § 100 (Maryland constitutes one judicial district). Furthermore, given the vague and tenuous nature of Plaintiff's allegations, the Court declines to transfer this case to wither the Southern District of New York or the District of Maryland. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall

Moreover, complete diversity of citizenship does not exist, as Plaintiff and Defendants Gigliardi and McKenna are all identified as residents of New York, and Plaintiff does not sufficiently allege that his claims could be worth more than $75,000. Thus, this Court does not have diversity jurisdiction over the instant action.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed without prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3). Although Plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

Dated: Brooklyn, New York
      February 8, 2019                                         SO ORDERED:

                                                                                 /s/LDH
                                                     LaSHANN DeARCY HALL
                                                    United States District Judge

---

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").